USCA1 Opinion

 

 March 23, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-1401 STATE OF RHODE ISLAND, ET AL., Plaintiffs, Appellees, v. NARRAGANSETT INDIAN TRIBE, ET AL., Defendants, Appellants. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich and Coffin, Senior Circuit Judges. _____________________ _________________________ Charles A. Hobbs, with whom Arlene Violet, Matthew S. Jaffe, ________________ _____________ ________________ and Hobbs, Straus, Dean & Wilder were on brief, for appellants. ____________________________ W. Mark Russo, with whom Jeffrey B. Pine, Attorney General, _____________ ________________ Alan M. Shoer, Special Assistant Attorney General, Elizabeth ______________ _________ Murdock Myers, Suzanne Worrell, and Adler, Pollock & Sheehan were _____________ _______________ ________________________ on brief, for state appellees. Bruce N. Goodsell on brief for municipal appellees. _________________ Scott Harshbarger, Attorney General (Mass.), Douglas H. __________________ ___________ Wilkins, Assistant Attorney General (Mass.), Michael J. _______ ____________ Carpenter, Attorney General (Me.), and Frankie Sue Del Papa, _________ ______________________ Attorney General (Nev.) on brief for States of Massachusetts, Maine, and Nevada, amici curiae. _________________________ _________________________ Per Curiam. This opinion ends a forgotten procedural Per Curiam. __________ skirmish in an enduring legal war. Following the district court's decision and order of judgment, see State of Rhode Island ___ _____________________ v. Narragansett Tribe of Indians, 816 F. Supp. 796 (D.R.I. 1993), _____________________________ the plaintiffs prosecuted an appeal (docketed in this court as No. 93-1400). The defendants subsequently filed this cross- appeal, complaining of (1) a stay entered below on March 8, 1993, and (2) the district court's ensuing denial of appellants' motion to withdraw or modify the stay. We consolidated the two appeals. In the proceedings that followed, appellants herein mentioned the stay, but, beyond this mere allusion, never breathed a whisper of the cross-appeal either in the briefs or at oral argument. That ends the matter: it is well settled that issues advocated in a perfunctory manner on appeal, unaccompanied by developed argumentation, are deemed to be abandoned. See ___ United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992); United _____________ _____ ______ States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992); Ryan v. ______ _______ ____ Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990); United States _______________ _____________ v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. _______ _____ ______ 1082 (1990). We need not linger. Here, we are faced not with the skeleton of an argument, but with the ghost of one. And in any event, our opinion in respect to plaintiffs' original appeal, issued this day, likely renders the instant appeal moot. For these reasons, we exorcise the phantom cross-appeal from our midst. Appeal dismissed. No costs. Appeal dismissed. No costs. ________________ ________ 2